S. Whitney LANDON, Jr., and E. Sterling Carter, as Administrators of the Estate of James E. Sague, Deceased, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 385.

Circuit Court of Appeals, Second Circuit.

Sept. 12, 1932.

For former opinion, see 59 F.(2d) 989.

Sanford Robinson, of New York City, for petitioners.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Of the par value of certificates purchased in 1914, the taxpayer received 90.89 per cent. of the par value of the West Virginia bonds. This latter sum represents the amount of the judgment with interest to the date of satisfaction received by the taxpayer for the certificates purchased in 1914. Judgment against West Virginia was entered July 1, 1915, subsequent to the date of the purchase of said certificates. The total amount of the interest accrued since the date of purchase and collected by the taxpayer on that portion of the judgment representing receipts purchased by the taxpayer in 1914 is tax free, as we state in our opinion. The total amount of the judgment and interest thereon as paid by face value West Virginia bonds was $14,-562,867.16. There is included in this sum interest of $2,168,937.66; interest constituting 14.89 per cent. of the total amount paid in face value West Virginia bonds. Therefore 14.89 per cent. of the par value of the West Virginia bonds received by the taxpayer represents in terms of face value of West Virginia bonds the amount received in payment of interest from July 1, 1915, to January 1, 1919. The bonds were valued at 80.58 per cent. of par. The fair value of these bonds may be calculated accordingly. In addition to this sum of exempt interest, there is an amount of $240.47, a sum of tax free income received for interest accrued from the dates of purchase in 1914 to July 1, 1915. The calculations on the respective sums which the petitioner has set forth under the title of "Calculations B" seem to us to be in conformity with our opinion, and such calculations represent the totals of taxable profit and that interest which is nontaxable. The

respondent has substantially agreed that "Calculations B" arrived at the correct results in conformity with our opinion.

With this understanding, it will be unnecessary to grant the application for a rehearing.

The motion is denied.